**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

BARRY LANE BURDICK,

      Petitioner-Appellant,

v.

KEN KLINGER, Warden,

      Respondent-Appellee.

No. 98-6441
(D.C. No. CV-97-569-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Proceeding pro se, Barry Lane Burdick filed a § 2254 petition for the writ

of habeas corpus in the district court on April 17, 1997. Below, Burdick

essentially claimed that his sentence was improperly enhanced by a prior

conviction that allegedly was not final; that counsel was ineffective for failing to

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

investigate the validity of his prior conviction; and that he wrongly is being denied emergency time credits. The petition was referred to a magistrate judge, who issued a thorough Report and Recommendation ("R&R") on September 30, 1998, rejecting Burdick's claims and recommending denial of the petition. Upon de novo review, the district court adopted the R&R on October 26, 1998 and denied the petition. The district court made no ruling on a certificate of appealability ("COA").

In this court, again pro se, Burdick seeks a COA for essentially the same issues raised below. Burdick also raises a new argument, alleging that he was not informed of his rights under Oklahoma law to a preliminary hearing, and that he did not waive such a hearing. Burdick seeks to proceed in forma pauperis ("IFP").

For substantially the same reasons stated in the R&R and adopted by the district court, we DENY COA on all the issues raised below. As for Burdick's claim regarding the preliminary hearing, it is not properly before us because it was not raised in the district court. Finally, Burdick's application for IFP status is DENIED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge